## J. THOMAS SEGROVES et al. v. SUPERVISOR OF ASSESSMENTS FOR HARFORD COUNTY

[No. 670, September Term, 1981.]

*Decided May 5, 1982.*

The cause was argued before MORTON, MOORE and LOWE, JJ.

Submitted on brief by *John P. Walsh* for appellants.

Argued by *T. Scott Basik, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

MOORE, J., delivered the opinion of the Court.

Appellants have tried for four years to elude the impact of Art. 81, § 8 (7) (a), Md. Ann. Code (1980 Repl. Vol.) by appealing the tax assessments on their respective homes to the Property Tax Assessment Appeal Board, the Maryland Tax Court, the Circuit Court for Harford County (Higinbothom, J.), and now this Court. Their persistence may be commendable, but their arguments are as lacking in merit today as they were at the beginning. The provision they seek to escape plainly embraces them; accordingly, we shall affirm the court below.

I

The Eastern Christian College bought 44 acres in Bel Air, Harford County, Maryland, in 1961. Two small parcels of land were leased to appellants, J. Thomas Segroves and Paul Bajko, in 1964 for 99 years. The purpose of the leases was to allow Mr. Segroves, who was then president of the college and is now chancellor, and Mr. Bajko, who directs the college's Department of Missions, to obtain the financing with which to build their homes. The leases provide that appellants are responsible for property taxes and that the college has the right to purchase Mr. Segroves' house if he leaves the college and Mr. Bajko's house if he ceases Christian missionary work. Until 1976, the appellants enjoyed an exemption from assessment and property tax as part of the college's educational exemption under Art. 81, § 9 (e). This was corrected in 1976 when a new county Supervisor of Assessments determined that the leaseholds were in fact owned by the appellants, not the college, and thereafter denied their requests for exemptions.[1]

---

1. The properties were assessed as follows:

| J. Thomas Segroves | | Paul Bajko | |
|---|---|---|---|
| 1976-77 — | $23,550 | 1976-77 — | $23,180 |
| 1977-78 — | 24,540 | 1977-78 — | 24,140 |
| 1978-79 — | 23,200 | 1978-79 — | 22,820 |
| 1979-80 — | 30,840 | 1979-80 — | 30,340 |

## II

Appellants have devoted their efforts on appeal to three contentions:

1) The equitable and beneficial owner of the properties in question is the Eastern Christian College, a tax-exempt educational institution, because it is in possession and control under Art. 81, § 4 (c).

2) The properties are used exclusively for religious and educational purposes, are essential and vital to the college's operation, and thus should be exempt from taxation under Art. 81, § 9 (a) and (e).

3) The effect of taxing the properties would be to allow the appellants to indemnify themselves from the college under Art. 81, § 4 (c) and such indemnity would constitute an indirect tax on a religious educational institution, contrary to Art. 81, § 9 (a) and (e).

Each of these contentions simply ignores the statutory provisions. First, Eastern Christian College relinquished any entitlement to exemption of the properties by signing 99-year leases with appellants. Art. 81, § 8 (7) (a) is clearly applicable:

(7) *Leaseholds and other limited interests in real or personal property.* — No leasehold or other limited interest in real or tangible personal property shall be subject to taxation *except the following which shall be subject to taxation in the same amount and the same extent as though the person in possession or the user thereof were the owner of such property.*

(a) *The interest of a tenant under a ninety-nine year lease of real property* within this State, whether or not renewable, or under a lease for a shorter term which is perpetually renewable. (Emphasis added.)

The holder of the leasehold interest for 99 years is treated in the same manner as if he were the owner of the property. Here, even though the college has some control over the properties through its right of conditional purchase, the appellants as 99-year lessees are legal owners and in possession.[2] Thus, they are chargeable with the taxes thereon as owners of the fee. Art. 81, § 4 (c) has no application.[3]

Second, use of the properties is entirely irrelevant,[4] simply because the appellants, as owners under § 8 (7) (a) are not "institutions or organizations" under Art. 81, § 9 (e):

> . (a) *Generally; exemptions strictly construed.* — The following real and tangible personal property are exempt from assessment and from State, county, and city ordinary taxation, except as otherwise stated, which exemptions shall be strictly construed: ˙
>
> (e) *Charitable, benevolent, and educational property.* — Property owned ... by (2) any nonprofit charitable, fraternal or sororal, benevolent, *educational,* or literary *institutions or organizations,* ... (Emphasis added.)

Exemptions are of necessity strictly construed. *Perdue, Inc. v. State Department of Assessments and Taxation,* 264 Md. 228, 286 A.2d 165 (1972). Language as clear and unequivocal as that in Art. 81, § 9 (a) and (e) brooks no quibbling over

---

**2.** In *Macht v. Department of Assessment,* 266 Md. 602, 296 A.2d 162 (1972), the court noted that by fixing the lease term at 98 years and 9 months the parties carefully skirted Art. 81, § 8 (7) (a). *Id.* at 615, 296 A.2d 162. As was pointed out in oral argument a different leasing arrangement could conceivably change the status of the parties and invoke the exemption provision of Art. 81, § 9 (e).

**3.** This provision authorizes the State Department of Assessments and Taxation to treat certain lessees as owners. It does not change what property is taxable or who must pay the taxes. Here, appellants are the legal owners under Art. 81, § 8 (7) (a). They urge that § 4 (c) allows an exemption of property otherwise taxable under § 8 (7) (a). However, § 4 (c) is a rule of convenience for the taxing authorities. *Martin Co. v. State Tax Commission,* 225 Md. 404, 171 A.2d 479 (1960). It does not confer discretion on the Department to abrogate the plain meaning of § 8 (7) (a).

**4.** The court found that "portions of each home are used for college purposes, such as meetings, conferences and also classroom instruction." But use of the property would be relevant only if the college owned it.

meaning. Appellants are employed by an educational institution; they are not the institution itself. The provision does not exempt employees.

Third, we fail to discern the applicability of Art. 81, § 4 (c). That section provides in pertinent part:

> "The State Department of Assessments and Taxation is hereby authorized to determine by regulations in what ... class ... of cases a person in possession or control, whether as lessee ... or otherwise, of real ... property ... owned by another person shall or may be treated ... as the owner of such property for purposes of ordinary taxation. A person who ... is treated as the owner of property owned by another person and pays the taxes thereon shall, unless otherwise provided by private contract ... have a right to indemnity from the owner...."

This subsection merely authorizes the Department to treat certain lessees as owners. It in no way changes "what shall be taxed and where" under Art. 81, §§ 8 and 9. Furthermore § 4 (c) states that the lessee is not entitled to indemnity from the owner if a private contract provides otherwise. Appellants' leases require them to pay all taxes. Therefore, they are not entitled to indemnity from the college, and there is no indirect taxation of the college.

*Judgment affirmed.*
*Appellants to pay the costs.*